# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re ) | |
| ) | **Case No. 05-05422-TLM** |
| **MICHAEL ANTHONY STELLA,** ) | |
| ) | **SUMMARY ORDER** |
| Debtor. ) | |
| _____ ) | |

## INTRODUCTION

The Court entered a Memorandum of Decision, Doc. No. 82, and an Order, Doc. No. 83, denying, without prejudice, confirmation of the Second Amended Plan of chapter 13 debtor Michael Anthony Stella ("Debtor"). Debtor filed a Motion to Alter or Amend the Memorandum of Decision, Doc. No. 84 ("Motion"), pursuant to Fed. R. Bankr. P. 9023, incorporating Fed. R. Civ. P. 59(e). Upon review of the Motion, the record, and applicable law, the Court hereby denies the Motion.

## BACKGROUND AND FACTS

As more fully explained in the Memorandum of Decision, Debtor filed his Second Amended Plan ("Plan") on April 19, 2006. Doc. No. 65. He proposed a special classification for two nonpriority unsecured creditors based on the fact that they held checks presented by Debtor that had been returned for insufficient funds

SUMMARY ORDER - 1

("NSF checks"). *Id.* *See also* § 1322(b)(1).[1] As such, those creditors, Kelly Moore Paint ("Kelly Moore") and Concrete Construction Supply ("CCS"), hold potential criminal remedies under Idaho law. Pursuant to the Plan, Kelly Moore and CCS would be paid in preference to the remaining nonpriority unsecured creditors. The Chapter 13 Trustee ("Trustee") objected to Debtor's Plan, as did Lloyd Kiff, a nonpriority unsecured creditor.

At the confirmation hearing, Debtor called John Kent, District Sales Manager for Kelly Moore, who testified about the company's policy regarding treatment of customers who pass NSF checks. Debtor presented no evidence as to CCS or its policies. He argued special classification was essential due to the potential threat of criminal prosecution. Such a prosecution, Debtor claimed, would undermine the feasibility of the Plan. The Court denied confirmation, finding the evidence presented did not establish that Debtor faced a substantial threat of criminal prosecution, and that absent such a threat, classification under § 1322(b)(1) was fundamentally unfair.

In support of the Motion, Debtor filed affidavits from Kent and Scott Sailor, manager of the Kelly Moore store where Debtor allegedly presented the NSF checks. Doc. Nos. 85, 86.

---

[1] References are made to the Bankruptcy Code, Title 11, U.S. Code, as it existed prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8 ("BAPCPA").

SUMMARY ORDER - 2

**DISCUSSION AND DISPOSITION**

Pursuant to Fed. R. Bankr. P. 9023, Fed. R. Civ. P. 59 applies to cases under the Bankruptcy Code. In turn, Fed. R. Civ. P. 59(e) states "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgement." Debtor's Motion was timely filed.

Debtor's burden under Fed. R. Civ. P. 59(e) is to clearly establish a manifest error of fact, a manifest error of law, or the existence of newly discovered evidence. *Oldemeyer v. Couch-Russell (In re Couch-Russell)*, 04.1 I.B.C.R. 9, 10 (Bankr. D. Idaho 2004) (citing *Hale v. United States Tr. (In re Basham)*, 208 B.R. 926, 934 (9th Cir. BAP 1997)).

The motion may not be used to simply ask the Court to rethink matters already decided, to reargue matters already submitted, or to attempt to cure deficiencies in earlier submissions that were found to be inadequate. *Couch-Russell*, 04.1 I.B.C.R. at 10 (citing *In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996) and *Alexander v. Bleau (In re Am. West Airlines, Inc.)*, 240 B.R. 34, 38 (Bankr. D. Ariz. 1999)).

The movant bears the burden of showing "manifest errors" of either fact or law in the Court's ruling. There is a three-part analysis for requests made on the assertion of newly discovered evidence: (1) the newly discovered evidence must have been discovered after judgment, and the movant must have been excusably ignorant of the facts at the time of trial despite due diligence to learn about the

SUMMARY ORDER - 3

facts of the case; (2) the evidence discovered must be of a nature that would probably change the outcome of the case; and (3) the evidence must not be merely cumulative or impeaching. *Krommenhoek v. Covino (In re Covino)*, 99.4 I.B.C.R. 138, 141 (Bankr. D. Idaho 1999) (citing 12 Moore's Federal Practice § 59.13[2][d][ii]-[vii] (3d ed. 1998). *See also Jones v. Aero/Chem. Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (similar test).

Debtor failed to cite any authority regarding Fed. R. Civ. P. 59(e) motions. He also failed to expressly identify the allegedly manifest error of law or fact based on the evidence before the Court. While one might assume an argument of newly discovered evidence, he did not apply or address the three-part test for relief on this basis. However, the Court will summarily analyze all three grounds.

**A. Manifest Error of Law**

Debtor's Motion takes issue with the Court's citation to or analysis of legal authorities in only one limited manner. He criticizes a brief reference to *In re Brigance*, 219 B.R. 486 (Bankr. W.D. Tenn. 1998). That case was cited for its observation that courts generally have found NSF check classifications to be unfair, and for it's own conclusion in a factually similar matter. Doc. No. 82 at 10-11. Among the cases mentioned in *Brigance*, and also one cited by this Court, was *In re Riggel*, 142 B.R. 199, 204 (Bankr. S.D. Ohio 1992), which stated in dicta that under certain circumstances, NSF checks may be separately classified. Doc. No. 82 at 11.

SUMMARY ORDER - 4

The Court neither analyzed these decisions at length, nor reflexively adopted their holdings.  In sum, they provided only context and background for the Court's ultimate decision.  The Court *did* undertake an exhaustive review of the § 1322(b)(1) case law within and without the District of Idaho, citing and considering various primary and secondary authority, as it pertained to classifying claims based on the threat of criminal prosecution or penalty.  Debtor says nothing about any of those sources, which provided the substance and framework for the Court's ultimate conclusion.

Debtor has pointed to no manifest error of law in the Decision, and the Court's reference to *Brigance* and *Riggel* was not such a manifest error of law.  The Motion in this regard was not shown to be well taken.

### B.     Manifest Error in Fact

Debtor submitted with his Motion affidavits from John Kent and Scott Sailor which elaborate on Kelly Moore's policies regarding customers who present NSF checks, and offer details concerning Kelly Moore's dealings with Debtor.  Debtor argues that in light of the affidavits, the Court's findings and conclusions might be different.  This does not, however, establish a manifest error in the Court's analysis of the evidence submitted at hearing.

Both Kent and Sailor were on Debtor's witness list for the confirmation hearing.  *See* Doc. No. 73.  Kent, in fact, was called to the stand and questioned.  Everything Debtor presents in the affidavits could have been explored at hearing.

SUMMARY ORDER - 5

Debtor is in essence "attempt[ing] to cure deficiencies in earlier submissions that were found to be inadequate." *Couch-Russell*, 04.1 I.B.C.R. at 10.

The Court's Decision was based on the application of the law to the facts as established at hearing. There is no manifest error of fact shown in regard to the facts proven at the hearing.

### C. Newly Discovered Evidence

The post-hearing Kent and Sailor's affidavits also do not pass the test for newly discovered evidence. All of the testimony submitted post-hearing could have been discovered long ago. Even if Debtor could arguably meet the second or third prongs of the test, Debtor has not shown he satisfies the first: that the evidence now proffered was discovered after judgment and Debtor was excusably ignorant of it despite exercise of due diligence in preparing for trial.[2]

## CONCLUSION

Hearings are not merely test drives, with Court-observed factual or legal defects readily curable after the fact once the litigant has received the benefit of the Court's labors of research and analysis. Debtor's Motion to Alter or Amend the Court's June 28, 2006 Decision and Order is hereby DENIED.

---

[2] Kelly Moore's practices were debated by the parties and Kent specifically questioned on cross-examination. Debtor now wishes to enhance that testimony with an affidavit, and to add the affidavit of another witness. Evidence in a contested matter, on material facts genuinely disputed, cannot be presented by affidavit. *See* Fed. R. Bankr. P. 9014(d). Debtor has not explained how or why this Rule should be less rigorously applied to post-hearing affidavits as contrasted to prehearing affidavits.

DATED: July 14, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER - 7